## ADAMS v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. December 9, 1904.)

1. CARRIERS—PASSENGER ON STREET CAR—INJURY ON ALIGHTING—EVIDENCE—SUFFICIENCY.

　　In an action against a street railroad company for injuries to a passenger, evidence *held* insufficient to show that the car had come to a stop when plaintiff alighted.

Appeal from Trial Term, New York County.

Action by Therese Adams against the Metropolitan Street Railway Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGH-
LIN, O'BRIEN, and INGRAHAM, JJ.

Joseph P. Cotton, for appellant.
Charles Caldwell, for respondent.

INGRAHAM, J. On the night of November 3, 1901, the plain-
tiff, with her sister-in-law, boarded one of the defendant's cars at
Ninth avenue and Fifty-Ninth street. The plaintiff testified that
as the car approached Sixty-Seventh street she raised her hand
to the conductor to stop the car; that the conductor rang the bell,
and the plaintiff walked to the back door of the car, and waited
there until the car stopped; that when the car stopped she opened
the door and walked out on the platform, and put her left foot
down into the street, when the car gave a sudden lurch, and she
fell on her left side and was injured. The plaintiff's sister-in-law,
who was with her at the time, testified that the car was coming
to a stop; that the plaintiff put her foot on the step to get off,
and she made the attempt to get off, when the conductor pulled the
bell too quick, and the car started, and the plaintiff was thrown
to the street; that the car was going when the plaintiff attempted
to step off, and did not stop until it got to Sixty-Eighth street.
When asked to describe just what the car did, she said that the
plaintiff—

"Was waiting for the car to stop. And then, of course, when he pulled the
bell he didn't stop the car right away, and I had to pull it. I had to make
the motion for him to stop the car. And then, of course, she went to get off,
and I—and I— She went off, and then he pulled the bell too soon before we
had got off; and then, of course, she stepped off, and he pulled the bell again,
and I tried to keep on the car until it got to Sixty-Eighth street."

The court asked the witness, "At that time, when your sister,
the plaintiff, tried to step off the car, had the car come to a stop?"
to which the witness answered, "No, sir."

The plaintiff also called as witnesses two persons who were in
the street at the time. The first witness testified that the car stop-
ped, and shortly afterwards went on; that he was somewhat
hazy about it; that his attention was attracted to the plaintiff in
the street; and that he did not pay any more attention to the car.
Upon cross-examination he testified:

"I can't testify it came to a stop. I think it did. I didn't see the plaintiff
fall. I don't know where the car stopped after that. I have vague recollection
about the car, but I can't testify as to it."

The other person who was upon the street testified that he was
with the last witness at the time of the accident; that he thought
the car was moving uptown the time he first saw it; that his at-
tention was attracted to a woman falling in the street, and he went
to her and helped her into a drug store; that he did not remember
whether the car was moving or not.

The motorman of the car testified that he received the signal to
stop at Sixty-Sixth street; that, as he approached the north cross-
ing of Sixty-Seventh street, he received three bells to stop; that
he was bringing his car to a stop at the time, and put on the brake

to make a quick stop; that between the time he left Sixty-Sixth street and the time he stopped, after receiving the three bells, he did not stop at all. A passenger in the car was called by the defendant, and testified that he was standing on the back platform and saw the accident; that the car was slowing down, when he heard a shriek, and saw that the plaintiff had fallen, and after the plaintiff fell the plaintiff's sister-in-law came out on the platform and attempted to get off the moving car, when the witness took hold of her and held her back until the car stopped.

I do not think that this verdict can be sustained. The only person who testified that the car had come to a stop was the plaintiff. The plaintiff's sister-in-law testified again and again that the car was moving when the plaintiff attempted to get off, and her evidence was corroborated by all the other witnesses who testified upon the subject, and it is quite apparent that the plaintiff was mistaken when she said that the car had stopped when she attempted to get off.

I think that the verdict is against the weight of evidence, and the judgment and order appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.